**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| M.T., a minor by and through Amber H., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil No. 20-614** |
| ) | |
| UNIONTOWN AREA SCHOOL ) | |
| DISTRICT and ZACHARY DICE, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

Plaintiff M.T., a minor by and through Amber H., filed suit against Defendants

Uniontown Area School District and Zachary Dice alleging that Mr. Dice, a former teacher and

assistant band director employed by the Uniontown Area School District, engaged in unlawful

sexual activity with the minor M.T., on school property.  Am. Compl., Aug. 6, 2020, ECF No.

12.  Pending before the Court are the Defendants' Motions to Dismiss.  ECF Nos. 13 & 22.  For

the reasons that follow, the Uniontown Area School District's Motion to Dismiss will be granted,

and Mr. Dice's Motion to Dismiss will be denied.

## I.    RELEVANT BACKGROUND[1]

The relevant time period of the events alleged in the Amended Complaint is from

approximately April 2019 and continuing through the Fall of 2019.  Am. Compl. ¶¶ 13, 19, 24,

25.  During this time period Plaintiff M.T. was a minor child under the age of 18, a student at the

Uniontown Area High School, and a member of the High School band.  Id. ¶¶ 5, 10.  Defendant

---

1  The background facts are taken from the Amended Complaint.  ECF No. 12. Because
the case is presently before the Court on motions to dismiss under Federal Rule of Civil
Procedure 12(b)(6), the Court accepts as true all allegations in the Amended Complaint and all
reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the -
plaintiff.  See Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017).

Zachary Dice was employed by Defendant Uniontown Area School District as an elementary school teacher.  Id. ¶ 9.  In August 2018, Mr. Dice became the High School's assistant band director, which included the responsibility to supervise and instruct band members.  Id. ¶¶ 11-12.  In April 2019, Mr. Dice engaged in intimate and inappropriate text messaging with M.T., including repeated requests to engage in sex.  Id. ¶¶ 13-16.  On August 30, 2019, after the band returned from an away football game, Mr. Dice engaged in improper and illegal sexual activity with M.T. in an unmonitored school stairwell.  Id. ¶¶ 19, 22.  Mr. Dice engaged in sexual activity with M.T. three additional times in the same unmonitored stairwell.  Id. ¶ 24-25.  Each subsequent sexual assault occurred after the band returned to the High School from attending an away football game during the Fall 2019 season.  Id. ¶ 25.  M.T. alleges that Mr. Dice chose the particular stairwell specifically because it was known to be unmonitored.  Id. ¶¶ 21, 45.  At all relevant times, M.T. was a minor child legally incapable of consenting to sexual activity with Mr. Dice.  Id. ¶¶ 18, 23, 26.

With respect to the School District, M.T. alleges that it "had actual knowledge, through its agents and/or representatives, of previous sexual activities performed at the same location on its property as the location of the assaults committed by Defendant Dice."  Id. ¶¶ 27, 42.  M.T. alleges that the School District took no action to prevent further sexual activity from occurring in the unmonitored stairwell, despite having actual knowledge that sexual activity had occurred in that stairwell.  Id. ¶ 28.  M.T. alleges that by failing to act with respect to the unmonitored stairwell the School District increased the risk that a sexual assault would occur in the stairwell.  Id. ¶¶ 28, 30, 46.  The School District's "inaction incudes, but is not limited to, failing to monitor the [stairwell] with the use of security cameras."  Id. ¶ 29.  M.T. alleges that the "Defendant

District exposed the Plaintiff to foreseeable harm, *i.e.*, an assault by Defendant Dice, and thereby willfully disregarded the safety of the Plaintiff." Id. ¶ 44.  M.T. alleges that the School District's prior knowledge of sexual activities in the stairwell, and its failure to act to stop such sexual activities, "created the opportunity for injury and harm to the Plaintiff." Id. at 46.  M.T. alleges that the School District acted with willful disregard in permitting a dangerous condition to persist, which constitutes deliberate indifference by the School District to M.T.'s rights. Id. ¶¶ 32, 47.  Finally, M.T. specifically alleges that the School District's deliberate indifference resulted in the sexual assaults on M.T. Id. ¶¶ 31, 33, 46.

In Count I, M.T. asserts a Due Process constitutional claim against the School District pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment.  In Count II, she claims that Mr. Dice violated her constitutional right to bodily integrity under 42 U.S.C. § 1983 and the Fourteenth Amendment.  Finally, in Count III, asserts state law claims of assault and battery against Mr. Dice.

## II.     STANDARD OF REVIEW

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court

3

clarified that this plausibility standard should not be conflated with a higher probability standard. Iqbal, 556 U.S. at 678.  Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed.  Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017), as amended (Aug. 22, 2017).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)); see also Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir.2016).  The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. Maio v. Aetna, 221 F.3d 472, 482 (3d Cir.2000).  If the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted.  The United States Court of Appeals for the Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

4

III.    **DISCUSSION**

A.      **Section 1983 Claims**

Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. s 1983.  "Section 1983 does not, by its own terms, create substantive rights; it provides

only remedies for deprivations of rights established elsewhere in the Constitution or federal

laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Here, M.T. properly alleges a

violation of her constitutional right to bodily integrity as a result of Mr. Dice's sexual assaults.

The United States Court of Appeals for the Third Circuit has held that students have a

constitutional right to be free "from invasion of [their] personal security through sexual abuse."

Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 726 (3d Cir.1989).  Thus, M.T. "has a

liberty interest in her bodily integrity that is protected by the Fourteenth Amendment, an interest

that is violated by sexual molestation by a teacher." Douglas v. Brookville Area Sch. Dist., No.

2:10-CV-1087, 2010 WL 5313448, at *4 (W.D. Pa. Dec. 20, 2010) (citing Black v. Indiana Area

School District, 985 F.2d 707, 709 n. 1 (3d Cir.1993)).  The analysis of section 1983 claims

differs with respect to each Defendant.  The Court will first address the claim as to the School

District and then, as to Mr. Dice.

5

### 1.  The School District

M.T. alleges that the School District was deliberately indifferent to a dangerous condition that permitted Mr. Dice to sexually assault her.  She alleges that the School District failed to take any action to address the dangerous condition in the unmonitored stairwell, even though the School District knew that sexual activities had occurred in the stairwell.  There are potentially two theories under which a section 1983 claim may be brought against the School District: the "state created danger" theory and the municipal liability theory as set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978).[2]

### b.  State-Created Danger

The "state-created danger" theory applies when 'the state's own actions create the very danger that causes the plaintiff's injury.'"  Keener v. Hribal, 351 F. Supp. 3d 956, 970 (W.D. Pa. 2018) (quoting Morrow v. Balaski, 719 F.3d 160, 167 (3d Cir. 2013)).  Under the state created danger theory a plaintiff must prove the following elements:

1. The harm ultimately caused was foreseeable and fairly direct;

2. A state actor acted with a degree of culpability that shocks the conscience;

3. A relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of

---

2  The School District, while correctly stating the law, appears to merge analysis of a state-created danger claim with a municipal liability claim.  However, the two claims are separate.  See  Phillips v. County of Allegheny, 515 F.3d 224, 230 n. 1 (3d Cir.2008) (analyzing state created danger claim and acknowledging that plaintiff "failed to allege facts supporting an official pattern or practice claim giving rise to constitutional injury"); Fiedler v. Stroudsburg Area Sch. Dist., 427 F. Supp. 3d 539 (M.D. Pa. 2019) (analyzing state created danger claim and municipal liability claim separately); L.R. v. Sch. Dist. of Philadelphia, 60 F. Supp. 3d 584 (E.D. Pa. 2014) (same); Cuvo v. Pocono Mountain Sch. Dist., No. 3:18-CV-01210, 2019 WL 1424524, at *6 (M.D. Pa. Mar. 29, 2019) (same); Keener v. Hribal, 351 F. Supp. 3d 956, 976 (W.D. Pa. 2018) (same).  Relevant to the instant case, a state-created danger claim requires affirmative conduct on the part of the School District, whereas a municipal liability claim does not necessarily require affirmative conduct and may proceed based on a municipality's failure to act.  See Lansberry v. Altoona Area Sch. Dist., 318 F. Supp. 3d 739, 758 (W.D. Pa. 2018).

persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

4.  A state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright v. Westmoreland Cnty., 443 F.3d 276, 281-82 (3d Cir. 2006).[3]

M.T. is unable to state a state-created danger claim as the first and fourth prongs.  To establish the foreseeability element of the first prong requires the plaintiff to allege that state actors were actually aware of the risk of harm or had "an awareness of risk that is sufficiently concrete to put the actors on notice of the harm."  Phillips, 515 F.3d at 238.

The relevant dangerous condition here is the unmonitored stairwell where sexual activities had taken place.  M.T. alleges that the School District had actual knowledge that the stairwell was unmonitored and that sexual activities had taken place there.  M.T. alleges that the School District took no action to prevent further sexual activity from occurring in the unmonitored stairwell.  M.T. alleges that by failing to act with respect to the unmonitored stairwell the School District "created the opportunity" that a sexual assault would occur in the stairwell.  Id. at 46.  Therefore, M.T. alleges that the "Defendant District exposed the Plaintiff to foreseeable harm, i.e., an assault by Defendant Dice."  Id. ¶ 44.  M.T., however, does not allege that the School District was actually aware that there was a risk of a student being sexually assaulted in the unmonitored stairwell.  At best, the allegations support the reasonable inference that because the School District had an awareness that sexual activity had occurred in the

_____

3  In response to the school District's Motion, M.T. does not directly address a state-created danger theory.  It is not clear if M.T. implicitly concedes that she is not pursuing a state-created danger theory against the School District, however, the Court's resolution of the Motion demonstrates that such claim is properly dismissed.

stairwell, it knew that such conduct might reoccur. Nor does she allege that the School District knew or possessed an awareness that Mr. Dice posed a risk of harm to students. M.T. conclusorily alleges that it was foreseeable that M.T. would be exposed to harm by Mr. Dice, but provides no allegations that the School District had any reason to believe that Mr. Dice might harm a student.

An allegation that an assault, of any kind, might occur in a vulnerable School District location could apply to any number of locations on School District property. To address this hurdle, M.T. concludes from the allegation that the School District knew that sexual activities had occurred in the stairwell, that the School District, *therefore*, had sufficient knowledge that a *sexual assault* could occur in the stairwell. The allegations deliberately describe the prior known conduct in the stairwell as "sexual activity" rather than "sexual assault." Under M.T.'s allegations, to say that a School District was aware that sexual activity occurred anywhere on its property means that any such location would be considered a place where a sexual assault might occur. Such allegations cast too wide a net. Thus, the allegations do not support the contention that it was foreseeable to the School District that a sexual assault would occur in the stairwell or that it was foreseeable to the School District that Mr. Dice posed a risk of harm to students. Thus, the allegations are insufficient to show that the harm to M.T. was foreseeable by the School District.

The "issue raised under the fourth element is whether 'the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.'" Keener, 351 F. Supp. 3d at 974 (quoting Bright, 443 F.3d at 283 (internal quotations omitted)). The "fourth element intends to distinguish cases where state officials might have done

8

more, from cases where officials created or increased the risk itself." <u>Keener</u>, 351 F. Supp. 3d at 974 (quoting <u>Morrow</u>, 719 F.3d at 179). Here, M.T. alleges only that the School District failed to take action with respect to the unmonitored stairwell where prior sexual activity had occurred. There are no allegations that the School District engaged in affirmative conduct that created, or increased, the risk of harm, or that made the plaintiff "more vulnerable," than if the School District had "stood by and done nothing at all." <u>Morrow</u>, 719 F.3d at 178. Thus, M.T. fails to allege affirmative conduct by the School District under the fourth prong.

Accordingly, because Plaintiff fails to allege foreseeability or affirmative conduct by the School District, the section 1983 "state created danger" claim will be dismissed.

### c. Municipal Liability

Municipal liability under section 1983 attaches "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" in question. <u>Monell</u>, 436 U.S. at 694. A section 1983 claim "against a municipality may proceed in two ways: the plaintiff may allege that an unconstitutional municipal policy or custom led to his injuries or that his injuries were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." <u>Fiedler v. Stroudsburg Area Sch. Dist.</u>, 427 F. Supp. 3d 539, 553 (M.D. Pa. 2019)(citing <u>Forrest v. Parry</u>, 930 F.3d 93, 105 (3d Cir. 2019)). M.T.'s <u>Monell</u> claim is of the type "'where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" <u>Lansberry v. Altoona</u>

9

Area Sch. Dist., 318 F. Supp. 3d 739, 758 (W.D. Pa. 2018) (quoting Robinson v. Fair Acres Geriatric Ctr., 722 F. App'x 194, 198 (3d Cir. 2018)).  Specifically, M.T. alleges that the School District was aware of reports of sexual activities taking place in the stairwell but failed to adequately respond to such reports.  M,T. alleges that the failure to act by the School District resulted in the stairwell being a known location where sexual activities might occur in the future. M.T. further alleges that the School District's deliberate indifference to the conditions in the stairwell, and its corresponding inaction to address the situation, created an increased risk that a sexual assault would occur in the stairwell.  See Lansberry., 318 F. Supp. 3d at 759.  Finally, she alleges that the School District's "policy of deliberate indifference to known conditions of its property" rendered the "repeated sexual assaults by Defendant Dice possible."  Pltf. Br. 3.

Accepting the allegations of the Amended Complaint as true, they fall short of stating a municipal liability claim against the School District.  M.T.'s theory is that her harm occurred as a result of the "failure or inadequacy by the municipality that reflect[ed] a deliberate or conscious choice."  Fiedler, 427 F. Supp. 3d at 553.  However, M.T. has failed to allege that the School District faced an obvious "need to take some action" to address the unmonitored stairwell and that the failure to act was likely to result in the violation of constitutional rights.  Lansberry., 318 F. Supp. 3d at 758.  As explained above, there are no allegations that the School District had knowledge that Mr. Dice posed a risk of harm, or might pose a risk of harm, to M.T. or any other student.  The School District was aware only of an unmonitored stairwell where sexual activity had occurred.  There was no pattern or practice of sexual assaults occurring in the stairwell that the School District was aware of but deliberately ignored.  Thus, M.T. has failed to state a municipal liability claim against the School District.

10

M.T. relies on the Third Circuit's decision in <u>Stoneking</u>, but it does not support her municipal liability claim.  In <u>Stoneking</u>, the Court of Appeals held that a student sexual assault victim could maintain a section 1983 claim based on her allegations that defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [plaintiff] her constitutional harm."  <u>Id.</u> at 725.  While M.T.'s allegations and argument in her Brief track the language of <u>Stoneking</u>, the underlying factual allegations in <u>Stoneking</u> are qualitatively different from the allegations here.  In <u>Stoneking</u>, the plaintiff argued that

> defendants [were] liable because of their own actions in adopting and maintaining a practice, custom or policy of reckless indifference to instances of *known or suspected sexual abuse of students by teachers*, in *concealing complaints of abuse*, and in *discouraging students' complaints about such conduct*.  She argues that these practices, customs or policies created a climate which, at a minimum, facilitated sexual abuse of students by teachers in general, and that there was a causal relationship between these practices, customs or policies and the repeated sexual assaults against her by Wright.

<u>Id.</u> at 724–25 (emphasis added).  In contrast, there are no allegations in this case of "instances of known or suspected sexual abuse of students by teachers" in general, or specifically by Mr. Dice. <u>Id.</u>  There are also no allegations of prior complaints of sexual assaults, and accordingly, no allegation of a "climate which, . . . facilitated sexual abuse of students by teachers."  <u>Id.</u>  Here, M.T. alleges deliberate indifference to sexual activity occurring in the unmonitored stairwell. Such allegations fall short of alleging that the School District established and maintained a policy, practice or custom which directly caused Plaintiff constitutional harm.  <u>Id.</u> at 725. Accordingly, Plaintiff's section 1983 municipal liability claim will be dismissed

2.      **Defendant Dice**

Mr. Dice moves to dismiss the section 1983 claim, the assault and battery claims, and moves to dismiss all claims for failing to sufficiently allege damages.

a.      **Section 1983 Claim**

Relevant to a section 1983 claim asserted against an individual, the "basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States".  Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir.  2011).  "'The first step in evaluating a Section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  Keener, 351 F. Supp. 3d at 969–70 (quoting Morrow, 719 F.3d at 166).  As explained above, and as Mr. Dice concedes, M.T. has properly alleged a violation of her constitutional right to bodily integrity.  Thus, this element has been met.

As to the "under color of state law" element, Mr. Dice conclusorily states that the Amended Complaint "fails to plead facts supporting how Defendant Dice's actions were under the color of state law."  Id.  Mr. Dice does not offer any supporting argument for this conclusion. A plain reading of the allegations shows that M.T. has sufficiently alleged that Mr. Dice was acting under color of state law.  M.T. alleges that during the relevant time period of the events, Mr. Dice was employed by the School District as an elementary school teacher and an assistant band director.  M.T. also alleges that Mr. Dice, in his capacity as assistant band director, committed sexual assaults against M.T. on school property after the band returned on a school

bus from away football games.  The allegations support the inference that Mr. Dice took full advantage of his supervisory and instructional position as M.T,'s teacher to seduce her and then assault her.  The first assault occurred in the school stairwell after Mr. Dice and M.T. returned to school from an away football game.  Subsequent assaults occurred in the same manner: the band traveled by school bus to an away football game, the school bus returned to the school after the game, and Mr. Dice took advantage of his position as an assistant band director to assault M.T. in the school stairwell.  Mr. Dice's "official interactions with [M.T.] and his sexual involvement with her together constituted an indivisible, ongoing relationship."  Becerra v. Asher, 105 F.3d 1042, 1046 (5th Cir. 1997), as supplemented on denial of reh'g (Apr. 7, 1997) (concurring opinion).  Here, there is a "'real nexus' exist[ing] between the activity out of which the violation occurs and the teacher's duties and obligations as a teacher," therefore, Mr. Dice's "conduct is taken under color of state law."  Becerra, 105 F.3d at 1046 (quoting D.T. by M.T. v. Independent School District No. 16, 894 F.2d 1176, 1188 (10th Cir. 1990)).

### i.      Section 1983 State-Created Danger Claim

Turning to the elements of a section 1983 state-created danger claim, a "state actor may be held liable under the 'state-created danger' doctrine for creating danger to an individual in certain circumstances."  Henry v. City of Erie, 728 F.3d 275, 281 (3d Cir. 2013).  Here, Mr. Dice is alleged to be the individual state actor who violated M.T.'s right to bodily integrity.  A "claim under § 1983 for a violation of the due process right to bodily integrity is brought under the state-created danger doctrine."  Cuvo, No. 3:18-CV-01210, 2019 WL 1424524, at *6; accord Dorley v. S. Fayette Twp. Sch. Dist., 129 F. Supp. 3d 220, 231-32 (W.D. Pa. 2015) ("state-created danger doctrine is one theory used to assert a claim for harm to one's bodily integrity); and

13

Fiedler, 427 F. Supp. 3d at 550 (considering injury to bodily integrity by way of state-created danger doctrine).  Accordingly, M.T.'s section 1983 claim asserted against Mr. Dice is analyzed by way of the state-created danger theory.

### (a) "Magic Words"

Mr. Dice's sole legal argument in favor of dismissal of the section 1983 claim is that the Amended Complaint does not use the words *"state-created danger"* in asserting the claim against him.  He argues that "deprivation of bodily integrity does not have distinct legal standing on its own absent a theory of state created danger, which has not been pleaded by the Plaintiff." Id. at 5.  With respect to the state-created danger theory, the use of such "magic words" are not required.  Hansen v. McKivigan, No. CV 07-885, 2007 WL 9797474, at *3 (W.D. Pa. Aug. 16, 2007) ("liberal federal pleading rules do not require that the plaintiff use specific "magic words" to satisfy" elements of cause of action).  Although a complaint may not use specific "magic words," where the allegations otherwise encompass the relevant concept, the claim is sufficient to survive a motion to dismiss.  Waterfront Renaissance Assocs. v. City of Philadelphia, 701 F. Supp. 2d 633, 643 (E.D. Pa. 2010).  For example, in Backof v. New Jersey State Police, the Third Circuit Court explained that in a section 1983 claim "plaintiff need not necessarily invoke the magic words 'malicious prosecution'" to proceed with the claim.  92 F. App'x 852, 856 (3d Cir. 2004); see also Sookhoo v. Becton Dickinson & Co., 104 F. App'x 825, 827 n. 2 (3d Cir. 2004) (no legal rule requiring magic words when argument is plain from the pleadings).  Similarly, in Shelly v. Johns-Manville Corp., the Court concluded that although the complaints at issue did not state "magic words," the allegations of the complaints "clearly raised the fact" encompassing the magic phrase.  798 F.2d 93, 99 (3d Cir. 1986).  Finally, in Dorley, the District

14

Court explained that "magic words" were not required to show that Defendants were being sued in their individual capacities.  129 F. Supp. 3d at 226 n. 5.  Instead, the <u>Dorsey</u> Court concluded that where the terms of the Complaint are amenable to the interpretation that Defendants were being sued in their individual capacities, the Court properly assesses the claims accordingly.  <u>Id.</u> Viewing the allegations in favor of M.T., a state-created danger theory in pursuit of M.T.'s section 1983 violation of bodily integrity claim is discernible from the allegations and will be analyzed as such.

### (b) Date and Time Allegations

The only specific argument Mr. Dice presents in favor of dismissal of the section 1983 claims is that M.T. "fails to plead factual allegations such as the date and time of each occurrence of the alleged conduct."  Dice Reply 2.  Mr. Dice's contention is mistaken as the allegations are sufficiently specific to put Mr. Dice on notice of the claims being asserted against him.   M.T. alleges that in "April 2019, Mr. Dice and M..T. began to have conversations via text message and Snapchat," which conversations "became increasingly intimate and inappropriate throughout the following months."  Am. Compl. ¶¶13-14.  The allegations further state the general sexual content of the messages, and that Mr. Dice had "repeatedly requested to have sex" with M.T.  <u>Id.</u> ¶¶ 15-16.  Such allegations sufficiently allege the time frame in which the conversations occurred (April 2019 through the "following months") and sufficiently explain the type of conduct.  With respect to the alleged sexual assaults, the Amended Complaint states that the first assault took place on August 30, 2019, in the school stairwell, after the band returned to school following an away football game.  <u>Id.</u> ¶ 19.  It is difficult to discern how much more specific Mr. Dice would need the averments to be in order to consider them sufficient.  M.T.

provides a specific date, place, and a very narrow time period (after returning from an away football game). The remaining three sexual assaults were alleged to have occurred during the Fall 2019 High School football season, after the band returned to the school from an away football game, and in the same stairwell on school property. Mr. Dice has sufficient information from such allegations to understand that he is being accused of sexual assaults that occurred in a limited time period, in a specific location, on readily discoverable dates in the Fall of 2019. The Third Circuit has repeatedly instructed that the standard of review at the motion to dismiss stage requires that "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." Trzaska, 865 F.3d at 162 (quoting Connelly, 809 F.3d at 789). M.T. has provided "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the specific timing of any sexual assaults that may have occurred in the stairwell. Phillips, 515 F.3d at 234. The allegations here are sufficient to survive a motion to dismiss. Twombly, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

### (c) Elements

Turning to the elements of a state-created danger theory, Mr. Dice asserts without elaboration that the allegations of the Amended Complaint do not meet the elements of a section 1983 claim. He asserts generally that M.T. fails to allege "specific facts with respect to the alleged actions of Defendant Dice." Dice Br. at 2. The Court, however, finds that M.T. has sufficiently alleged the elements of the claim.

16

With respect to the first element, it is foreseeable that a teacher who engages in sexual conduct with a minor will cause harm to the minor.  Fiedler, 427 F. Supp. 3d at 552 (foreseeable and fairly direct prong met where gym teacher, aware that student's concussion made her susceptible to sustaining additional injuries, still required her to participate in gym class where she was injured).  Thus, M.T. sufficiently alleges that the harm caused by Mr. Dice was foreseeable and fairly direct.

Next, "[i]n *any* state-created danger cases, the state actor's behavior must always shock the conscience."  Sanford v. Stiles, 456 F.3d 298, 305 (3d Cir. 2006).  As stated by the Third Circuit, "sexual molestation of a student could not possibly be deemed an acceptable practice." Stoneking, 882 F.2d at 727.  Accordingly, by alleging that Mr. Dice sexually assaulted her on multiple occasions, M.T. has sufficiently alleged that such conduct shocks the conscience to survive a motion to dismiss.

The third element is also adequately plead.  The "'foreseeable victim' element requires that some sort of relationship exist between the state actor and the plaintiff such that the plaintiff was a foreseeable victim of the state actor's conduct.'"  Fiedler, 427 F. Supp. 3d at 552 (quoting L.R. v. Sch. Dist. of Philadelphia, 836 F.3d 235, 247 (3d Cir. 2016)).  M.T. alleges that Mr. Dice was the assistant band director traveling with M.T. on school trips to and from football games, and thus M.T. has sufficiently alleged that she was a foreseeable victim of Mr. Dice's conduct.

Under the fourth element, liability "is predicated upon the states' affirmative acts which work to the plaintiff['s] detriment[] in terms of exposure to danger.  It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." Fiedler, 427 F. Supp. 3d at 552-53 (quoting Bright, 443 F.3d at 282).  "Individual liability can be imposed under

17

§ 1983 only if the state actor played an "affirmative part" in the alleged misconduct," and here Mr. Dice did play such an affirmative part as the person who perpetrated the assault.  Fiedler, 427 F. Supp. 3d at 551.  Accordingly, to establish this prong, M.T. must identify "an affirmative action, rather than inaction or omission."  Phillips, 515 F.3d at 236.  M.T. sufficiently alleges that Mr. Dice engaged in affirmative acts of misuse of state authority, beginning with his inappropriate text messages to M.T. and continuing with the sexual assaults, thereby rendering M.T. more vulnerable to danger than if Mr. Dice had done nothing at all.

Accordingly, M.T. has sufficiently alleged the elements of a section 1983 state-created danger claim to survive a motion to dismiss

### B.  Assault and Battery

Mr. Dice moves for dismissal of the assault and battery claims of Count III arguing that M.T. "fails to plead with the required specificity how the Plaintiff was harmed or offended by the contact[,] "fails to specify the details with respect to the contact, and fails to quantify the date, and time of each occurrence of the contact."  Dice Br. 6.  Mr. Dice also claims that M.T. fails to allege "facts and legal authority" supporting how M.T. could not legally consent to the contact. Id.  Mr. Dice also argues, as he did with the section 1983 claim, that M.T. "fails to quantify the date, and time of each occurrence of the contact."  Id.

"An assault occurs when an actor intends to cause an imminent apprehension of a harmful or offensive bodily contact."  Sides v. Cleland, 648 A.2d 793, 796 (Pa. Super. Ct. 1994) (citing Restatement (Second), of Torts, § 21).  A "battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."  Renk

v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (1994); see also Restatement (Second), of

Torts, § 13.  The Court concludes that M.T.'s assault and battery claims are sufficiently plead.

At this stage of the proceedings, the Court must accept as true all factual allegations in

the Amended Complaint and provide all reasonable inferences in favor of Plaintiff.  Thus, the

Court accepts as true that Mr. Dice engaged in "touching and physical and sexual contact"

without M.T.'s consent, after the band returned from away football games on four occasions.

Am. Compl. ¶ 56.  With respect to the alleged failure to specify the date and time of each

occurrence, the Court explained above how the Amended Complaint sufficiently specifies such

facts.  With respect to whether the Amended Complaint sufficiently pleads M.T.'s inability to

consent to the contact, "[c]onsent is a defense to the intentional torts of assault and battery."

Quinn v. Ltd. Exp., Inc., 715 F. Supp. 127, 130 (W.D. Pa. 1989) (citing W. Prosser, Law on

Torts § 18 (4th ed. 1971)).  "Since consent is an affirmative defense and not an element of

assault [or battery], plaintiff is not required to plead that the relationship was nonconsensual or

the consent was invalid."  Nardella v. Dattilo (No.2), 36 Pa. D. & C.4th 364, 369 (Com. Pl.

1997).  Nonetheless, M.T. has sufficiently plead that she was unable to consent.  Am. Conpl. ¶¶

5, 10, 18 ("Plaintiff was, and remains, a minor child"), ¶¶ 23, 26, 38 (Mr. Dice plead guilty to

four counts of sexual contact with a student and four counts of corruption of minors), ¶¶ 57 &

58.  Moreover, "a high school student who is assigned to a teacher's class does not have the

capacity to welcome that teacher's physical sexual conduct."  Chancellor v. Pottsgrove Sch.

Dist., 501 F. Supp. 2d 695, 708 (E.D. Pa. 2007) (plaintiff-student in defendant's classroom

"lacked the capacity to consent to engage in sexual conduct," id. at 713).  The Court agrees with

the District Court's statement in Kintzel v. Kleeman, stated when denying a motion to dismiss a

similar sexual assault and battery claim, that the "case is not at the proper procedural posture to argue the facts of the case." 965 F. Supp. 2d 601, 609 (M.D. Pa. 2013). Accordingly, the Motion to Dismiss the assault and battery claims will be denied.

### C. Damages

Finally, Mr. Dice moves to dismiss all claims asserted against him for failure to sufficiently plead factual support with respect to the economic damages suffered. As with much of Mr. Dice's motion he seeks to impose an evidentiary burden on Plaintiff that is more appropriate to a motion for summary judgment, after both parties have had an opportunity to engage in discovery. M.T. pleads general damages. Under the Federal Rules of Civil Procedure general damages "do not need to be pleaded with any particularity." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1310 (4th ed.) As opposed to special damages under Rule 9(g), general damages "can be alleged without particularity under Federal Rule of Civil Procedure 8(a)." Id. M.T.'s allegations that she suffered damages as a result of Mr. Dice's actions, such as emotional distress, psychological trauma, and economic damages, are sufficient at this stage of the pleadings. M.T. has raised a reasonable expectation that discovery will reveal evidence of the nature of the alleged harms, as well as the monetary amount associated with such harm. Trzaska, 865 F.3d at 162. Mr. Dice's Motion to Dismiss the claims asserted against him based on a failure to allege damages will be denied.

### III.   CONCLUSION

For the reasons stated above, the Uniontown Area School District's Motion to Dismiss Plaintiff's section 1983 claim will be GRANTED. Plaintiff's Section 1983 claim will be dismissed without prejudice. Plaintiff is permitted leave to amend because the Court cannot say

with certainty that amendment would be futile.  Phillips, 515 F.3d at 246; Fletcher-Harlee Corp.

v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports

the notion that in civil rights cases district courts must offer amendment—irrespective of whether

it is requested—when dismissing a case for failure to state a claim unless doing so would be

inequitable or futile.").  Plaintiff will have 14 days to file an amended complaint.  If amendment

is not forthcoming within that time, the claim asserted against the School District will be

dismissed with prejudice.  If Plaintiff files an amended complaint, Defendants shall file their

Answers within 14 days of such filing.

Zachary Dice's Motion to Dismiss will be DENIED.  If amendment of the complaint is

not filed, Mr. Dice shall file an Answer to the Amended Complaint within 21 days of the date of

this Opinion.

An appropriate Order will be entered.


IT IS SO ORDERED.


Dated: March 3, 2021                                     _____

                                                        Marilyn J. Horan
                                                        United States District Court Judge