## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.T., a minor by and through Amber H.,   )
                                                 )

        Plaintiff,   )

                                 )

        v.   )   Civil No. 20-614

                                 )

UNIONTOWN AREA SCHOOL   )
DISTRICT and ZACHARY DICE,   )

                                 )

        Defendants.   )

### OPINION

Plaintiff M.T., a minor by and through Amber H., filed suit against Defendants

Uniontown Area School District and Zachary Dice alleging that Mr. Dice, a former teacher and

assistant band director employed by the Uniontown Area School District, engaged in unlawful

sexual activity with the minor, M.T., on school property.  First Am. Compl., Aug. 6, 2020, ECF

No. 12.  On March 3, 2021, the Court denied Mr. Dice's Motion to Dismiss, but granted the

School District's Motion to Dismiss, with leave for Plaintiff to file an amended complaint.  Op.,

Mar. 3, 2021, ECF No. 27.  On March 16, 2021, Plaintiff filed a Second Amended Complaint,

ECF No. 31, to which the School District filed a Motion to Dismiss, ECF No. 33.  For the

reasons that follow, the School District's Motion to Dismiss will be granted.

## I.      RELEVANT BACKGROUND

The facts relevant to resolution of the School District's Motion to Dismiss are the

following allegations within the Second Amended Complaint.  From April 2019 and continuing

through the Fall of 2019, Plaintiff M.T. was a minor child under the age of 18, a student at the

Uniontown Area High School, and a member of the High School band.  Second Am. Compl. ¶¶

5, 10.  Defendant Zachary Dice was employed by Defendant Uniontown Area School District as

an elementary school teacher.  Id. ¶ 8, 9.  In August 2018, Mr. Dice became the High School's

assistant band director, which included responsibility to supervise and instruct band members.

Id. ¶¶ 11-12.  In April 2019, Mr. Dice engaged in intimate and inappropriate text messaging with

M.T., which included repeated requests to engage in sex.  Id. ¶¶ 16-19.  On August 30, 2019,

after the band returned from an away football game, Mr. Dice engaged in improper and illegal

sexual activity with M.T. in an unmonitored school stairwell.  Id. ¶¶ 22, 24-25.  Thereafter, Mr.

Dice engaged in sexual activity with M.T. three additional times in the same unmonitored

stairwell.  Id. ¶ 27-28.  Mr. Dice sexually assaulted other students on multiple occasions.  Id. ¶

30.

       The Second Amended Complaint also alleges that sometime after Mr. Dice was hired in

August 2018 but before April 2019, the High School's Band Director told Mr. Dice, on at least

one occasion, that he was being "too friendly" and/or "too close" with his students.  Id. ¶¶ 13, 14.

The Band Director instructed Mr. Dice to change his unprofessional and inappropriate behavior

towards his students.  Id. ¶ 13.  Mr. Dice's unprofessional and inappropriate behavior continued.

Id. ¶ 15.  Mr. Dice prominently displayed photographs of various students on his classroom desk,

which included, but were not limited to, Mr. Dice's student victims.  Id. 31-32.  Said

photographs were easily observable by any visitor to Mr. Dice's classroom.  Id. ¶ 32.  The

School District, through its agents and/or representatives, had or should have had actual

knowledge of Mr. Dice's unprofessional and inappropriate interactions with his students, and the

School District had or should have had actual knowledge of the student photographs on Mr.

Dice's desk.  Id. ¶¶ 33, 36, 42.  The School District took no action to prevent further

inappropriate conduct by Mr. Dice.  Id. ¶¶ 34-35, 43.  The School District willfully disregarded

Mr. Dice's unprofessional and inappropriate interactions with his students.  Id. ¶ 37.  M.T. alleges that the School District acted with willful disregard to take preventative action, which establishes that the School District was deliberately indifferent to M.T.'s constitutional rights. Id. ¶ 44.  Finally, M.T. specifically alleges that the School District's deliberate indifference resulted in the sexual assaults on M.T.  Id. ¶ 45.

## II.   DISCUSSION[1]

"Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  As explained in the Court's prior Opinion, M.T. properly alleges a violation of her constitutional right to bodily integrity as a result of Mr. Dice's sexual assaults.  Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 726 (3d Cir.1989) (holding that students have a constitutional right to be free "from invasion of [their] personal security through sexual abuse").  M.T.'s Second Amended Complaint involves a municipal liability claim against the School District pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment.[2]  Monell v. Department of Social Services, 436 U.S. 658 (1978).  Municipal liability under section 1983 attaches "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" in question.  Monell, 436 U.S. at 694.

---

1  Because the case is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)).

2  M.T. explicitly disclaims that she is pursuing a state-created danger theory against the School District.  Pltf. Br. Resp. 2 n. 1, ECF No. 38.

In <u>Stoneking</u>, the Court of Appeals "held that [school officials] could be found liable if they acted with deliberate indifference as to whether students were sexually abused and if the manner in which they handled complaints affirmatively contributed to the plaintiff's being assaulted." <u>Black by Black v. Indiana Area Sch. Dist.</u>, 985 F.2d 707, 712 (3d Cir. 1993); <u>see</u> <u>Stoneking</u>, 882 F.2d at 725.  M.T. alleges that the School district was aware that Mr. Dice "posed a risk of harm to students and that it adopted a pattern, custom or policy of deliberate indifference [to] that known risk, thus rendering Plaintiff's repeated sexual assaults by Defendant Dice possible.  Pltf. Br. Opp. 3.  Stated in terms of the applicable case law, her claim needs to establish that the School District "failed to act affirmatively at all, [though] the need to take some action to control [Mr. Dice was] so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the [School District] can reasonably be said to have been deliberately indifferent to the need." <u>Robinson v. Fair Acres Geriatric Ctr.</u>, 722 F. App'x 194, 198 (3d Cir. 2018). (internal quotations and citations omitted).

The Court accepts as true M.T.'s allegations that the School District was aware, through its agents or representatives, that Mr. Dice engaged in unspecified inappropriate and unprofessional behavior with students, that the School District was aware that Mr. Dice displayed photographs of his students on his desk, and that the School District took no action to discipline Mr. Dice.  Although such factual allegations generally track the elements of a municipal liability claim, as explained below, they do not permit the Court to plausibly infer that the School District had knowledge, or should have had knowledge, that Mr. Dice's conduct posed a risk of harm to students. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged") (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

M.T. does not allege that the School District was aware, or should have been aware, that Mr. Dice engaged in sexual, coercive, or aggressive conduct towards students, much less that the School District had an awareness of any prior sexual assault or attempted sexual assault by Mr. Dice. <u>Stoneking</u>, 882 F.2d at 724–25. Although M.T. alleges that Mr. Dice sexually assaulted other students, she alleges no time frame either before or after M.T.'s events in relation to those sexual assaults. Also, she does not allege that the School District was previously aware of any other sexual assaults. The Second Amended Complaint only alleges that the School District was aware of his "inappropriate" and "unprofessional" behavior only. Second Am. Compl. ¶¶ 33-36. The only inappropriate, unprofessional, "too friendly" or "too close," conduct identified in the Second Amended Complaint are Mr. Dice's electronic conversations he had with M.T. via text message or Snapchat. There are no allegations that the School District had actual prior knowledge or should have had prior knowledge of these communications. Nor are there allegations that the School District was aware that Mr. Dice engaged in any prior sexually suggestive conversations with any other student. There are also no allegations of prior complaints of sexual assaults, and accordingly, no allegations of any "climate which, . . . facilitated sexual abuse of students by teachers in general" or by Mr. Dice in particular. <u>Stoneking</u>, 882 F.2d at 725. As such, there is no inference that the School District engaged in a practice of deliberate indifference to sexual abuse of students.

Accepting the central allegation as true, that the School District was aware of Mr. Dice's unspecified and vague "inappropriate" and "unprofessional" conduct, the Court need not credit

such conclusory non-specific allegations to establish that the School District was aware of

conduct that put them on notice that Mr. Dice posed a risk of sexual assault to students.  Plaintiff

has also not plead facts, as opposed to conclusory statements, as to how the School District failed

to take preventive action with respect to Mr. Dice so as to amount to a deliberate indifference to

M.T.'s constitutional rights.  The Court concludes that the allegations are insufficient to "'raise a

reasonable expectation that discovery will reveal evidence'" that the harm to M.T. was

foreseeable by the School District.  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d

Cir.2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa.

June 4, 2008))  The factual allegations also fall short of alleging "a right to relief above the

speculative level" that the School District was aware of an obvious need to take some action to

address a risk of sexual abuse of students by Mr. Dice.  Twombly, 550 U.S. at 555.  Therefore,

the allegations do not support a plausible inference that it was foreseeable to the School District

that Mr. Dice posed such a risk of harm to students or that the School District established and

maintained a practice or custom which directly caused Plaintiff constitutional harm.

Accordingly, Plaintiff's section 1983 municipal liability claim will be dismissed for failure to

state a claim.

The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6)

dismissal, a district court must permit a curative amendment, unless an amendment would be

inequitable or futile."  Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

Plaintiff filed a Complaint, a First Amended Complaint, and a Second Amended Complaint

attempting to state a claim against the School District, without success.  While Plaintiff attempts

to hold the school district liable under a municipal liability theory, her pleadings do not assert

6

sufficient facts to sustain her claim.  In her original Complaint and her First Amended Complaint

the Plaintiff based her claim on allegations that the School District was aware of the risks

presented by the unmonitored stairwell.  Neither pleading included any allegation that the School

District was aware of complaints about Mr. Dice's conduct or that Mr. Dice had been

reprimanded or disciplined.  Plaintiff's general allegations in her Second Amended Complaint

have not sufficiently stated a plausible municipal liability claim upon which relief can be

granted.  Therefore, the Court finds that it would be futile to further permit leave to amend.

      For the reasons stated above, the Uniontown Area School District's Motion to Dismiss

Plaintiff's section 1983 claim will be GRANTED.  Plaintiff's Section 1983 claim will be

dismissed.

      An appropriate Order will be entered.


IT IS SO ORDERED.

Dated: <u>May 26, 2021</u>

Marilyn J. Horan
United States District Court Judge